IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ARTHUR O. ARMSTRONG,            )
                                )
          Plaintiff,            )
                                )
     v.                         )    1:23CV642
                                )
NORTH CAROLINA and ACE TOWING   )
AND RECOVERY,                   )
                                )
          Defendants.           )
```

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff commenced this action by filing a Complaint (Docket Entry 1-1) and paying the filing fee (see Receipt of Funds dated Aug. 2, 2023). Because of Plaintiff's history of "predatory litigation in the face of sanctions," Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 618 (M.D.N.C. 1998), aff'd, No. 98-2360, 168 F.3d 481 (table), 1999 WL 11298 (4th Cir. Jan. 13, 1999) (unpublished), the Court (per the late United States District Judge William L. Osteen, Sr.) previously "enjoin[ed] Plaintiff . . . from filing any new action or proceeding in any federal court, without first obtaining leave of that court," id. at 622. The Court (per Judge Osteen, Sr.) later modified the injunction (A) to "relieve[ Plaintiff] from his duty to procure court approval before instituting future litigation," Armstrong v. Koury Corp., No. 1:97CV1028, Docket Entry 48 at 2 (M.D.N.C. Feb. 6, 2001) (slip op.), and (B) to substitute this procedure:

> [For a]ny litigation [Plaintiff] desires to institute in this [C]ourt, he shall present the pleadings to the clerk

> and pay to the clerk the required filing fee for instituting new litigation. Upon filing of new proceedings accompanied by the filing fee, [Plaintiff] shall not serve summonses or copies of the complaint upon [any defendant] unless and until the [C]ourt enters an order authorizing [Plaintiff] to proceed. The [C]ourt will issue the order to proceed only if it determines that the litigation is not repetitious and not frivolous. The [C]ourt may, on its own initiative, dismiss non-meritorious claims.

Id. That injunction remains in place. See, e.g., Armstrong v. North Carolina, No. 1:23CV297, 2023 WL 4138722, at *1-3 (M.D.N.C. Apr. 21, 2023) (unpublished) (discussing and applying injunction review procedure), recommendation adopted, 2023 WL 4133937 (M.D.N.C. June 22, 2023) (unpublished) (Osteen, Jr., J.).

Accordingly, the Court must review the Complaint in this case. The Complaint "prays for judgment in the sum of $35,000,000.00 under 42 U.S.C.[ §] 1983" (Docket Entry 1-1 at 2), against North Carolina and a tow truck company (see id. at 1), for the latter's conduct "[o]n July 29, 2023" (id.), in towing Plaintiff's vehicle from the "private property of 42nd Street Oyster Bar" (id.), based on "parking violation false reports" (id. at 1-2 (emphasis omitted)), and "charg[ing him a] $200.00 towing fee in violation of the Fourth and Fourteenth Amendments" (id. at 2). The Court should dismiss this action because the Complaint suffers from (at least) the following fatal defects:

1) a lack of sufficient, non-conclusory factual matter to state a claim, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (mandating that complaints "contain sufficient factual matter,

2

accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted));

2) the exclusion of states from the definition of persons subject to liability under Section 1983, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989); see also id. at 66 (stating that Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); and

3) the absence of allegations sufficient to establish that the tow truck company met Section 1983's state action requirement, see Rice v. United Towing, Inc., No. 3:14CV300, 2014 WL 2968966, at *1 (W.D.N.C. July 1, 2014) (unpublished) (reaffirming dismissal of Section 1983 claim against "towing company," which allegedly "towed [the plaintiff's] vehicle from [a] parking lot" despite his possession of "a parking permit," because, under those facts, towing company qualified "as a private actor, [which] cannot be sued under Section 1983" (internal quotation marks omitted)).

Indeed, the obviousness of these defects renders the Complaint frivolous. See, e.g., Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). And Plaintiff has compiled a lengthy record of frivolous litigation in this Court. See, e.g., Armstrong, 2023 WL 4138722, at *1 (discussing

3

Plaintiff's filing history in this Court).  As a result, more than a month before Plaintiff commenced this case, the Court (per United States District Judge William L. Osteen, Jr.) cautioned Plaintiff not to make improper filings and warned him that he would face sanctions for such future conduct.  See Armstrong, 2023 WL 4133937, at *1.  Under these circumstances, the Court should impose a $100 sanction against Plaintiff for continually wasting the Court's scarce resources and (as a supplement to, not a substitute for, any other injunction) should enjoin him from filing any documents in this Court until he pays that sum.  See In re Armstrong, Nos. 14-347 (L), 14-348, 14-351, 14-352, 14-359, 14-361 - 14-374, Docket Entry 11 at 5 (4th Cir. Oct. 14, 2014) (slip op.) ("Because Armstrong has shown no willingness to curtail his litigious behavior, which causes an unjustified waste of judicial resources, we sanction him $2000 and enjoin him from filing any pleading in this court until the sanction is paid."); see also In re McDonald, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.  The continual processing of [Plaintiff's] frivolous [filings] does not promote that end.").

    **IT IS THEREFORE RECOMMENDED** that this action be dismissed without a certification that an appeal would have any merit.

**IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to pay $100 as a monetary sanction for this continuation of his long-standing pattern of frivolous litigation conduct.

**IT IS FURTHER RECOMMENDED** that Plaintiff be enjoined from filing any document with this Court in any case unless and until he first pays any outstanding monetary sanction(s) and that any documents submitted to the Court by Plaintiff prior to such payment be held for his retrieval or returned to him without docketing.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 21, 2023